# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH WM. HENRY, JR.,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 94-CV-859
(92-CR-70)

## ORDER

On March 30, 2006, Joseph Wm. Henry, Jr. ("Henry") filed a motion under Federal Rule of Civil Procedure 60(b) requesting that this court "reopen" its December 28, 1994 judgment dismissing his previous petition under 28 U.S.C. § 2255. For the reasons set forth below, this motion will be dismissed for want of jurisdiction.

Henry is currently serving a 300-month sentence imposed by the court after a jury found him guilty of violations of 21 U.S.C. § 841 (a)(1) and 18 U.S.C. § 922 (g). This judgment was affirmed by the Seventh Circuit. *U.S. v. Henry,* 2 F.3d 792 (1992). Since then, Henry has filed several post-conviction petitions in the context of his current federal sentence. (*See, e.g. Henry v. United States*, Case Nos. 92-CV-1015; 94-CV-859; 99-CV-1094; 00-CV-150; and 04-CV-743.) Henry argues that this court should set aside the judgment in Case. No. 94-CV-859 dismissing his section 2255 petition because it was an "erroneous judgment." Henry further argues that the "independent action clause" of Rule 60(b) of the Federal Rules of Civil Procedure as

articulated in *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976) provides authority for the court to do so.

As will be discussed below, Henry's reliance on *Standard Oil* and Rule 60(b) is misplaced. The *Standard Oil* court held that a district court did not need to secure leave of the reviewing appellate court to consider a motion under Rule 60(b). *Standard Oil*, 429 U.S. at 18-19. This holding does not support Henry's motion in any way. Rule 60(b) allows a federal district court to relieve a party from a final judgment of the court on a variety of grounds, including "mistake," "fraud," and "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial," and "any other reason justifying relief from the operation of the judgment," but the courts analysis must not end there. In the context of habeas petitions, Rule 9 of the Federal Rules Governing Section 2255 provides that a petitioner may not file a second or successive petition without first seeking approval from the court of appeals. *Id*; *see also See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1990) (stating "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing") (emphasis in original). Moreover, the court of appeals must certify that the application is based either on a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges to final judgments or on newly discovered evidence that demonstrates that no reasonable finder of fact could have found the applicant guilty.

In *Dunlap v. Litscher,* 301 F.3d 873 (7th Cir. 2002), the Seventh Circuit held prisoners may not avoid the restrictions Congress has placed on habeas petitions by invoking Rule 60(b)'s broad relief. To the extent that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") prohibit successive petitions, it will control irrespective of Rule 60(b). Henry contends that the court erred in denying him a pretrial evidentiary hearing to examine the credibility of the government's witnesses at his trial. He further argues that dismissal of his initial section 2255 petition was similarly in error for the same reasons. The court finds that such arguments attack the substance of the court's resolution of his previous petition under section 2255 on the merits, and this court is constrained to dismiss Henry's motion for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Henry's motion under Rule 60(b) [Docket # 5] be and the same is hereby **DISMISSED** for want of jurisdiction.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge